IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

RECEIVED
06 APR -3 AM 10: 47

2006 APR -3 AM 9: 55
CLERK'S OFFICE
M.O.A.

MICHELLE V. MINOR )
               Plaintiff(s), )
vs. )
LA MEX, INC., LA MEXICANA, INC., )
TRINA M. JOHNSON, RENEE ABELCOP, )
and MUNICIPALITY OF ANCHORAGE )
               Defendant(s). )
)

CASE NO. 3AN- 06-6602 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: MUNICIPALITY OF ANCHORAGE

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) KENNETH P. JACOBUS, whose address is: 310 K STREET, SUITE 200, ANCHORAGE AK 99501-2064

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge _____
     and Master _____.

[X] This case has been assigned to District Court Judge Hanley.

CLERK OF COURT

3-31-06
Date

By: _____
Deputy Clerk

I certify that on 3-31-06 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/05)(st.3)                              Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

IN THE DISTRICT COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MICHELLE V. MINOR,              )<br>                                 )<br>            Plaintiff,           )<br>                                 )<br> vs.                             )<br>                                 )<br> LA MEX, INC., LA MEXICANA, INC.,)<br> TRINA M. JOHNSON, RENEE ABELCOP, and )<br> MUNICIPALITY OF ANCHORAGE,      )<br>                                 )<br>            Defendants.          )<br> _____  )  | **COPY**<br>Original Received<br><br>MAR 31 2006<br><br>Clerk of the Trial Courts<br><br><br><br>Case No. 3AN-06- 6602 CI |

**COMPLAINT**

Michelle V. Minor, plaintiff, complains against La Mex, Inc., La Mexicana, Inc., Trina M. Johnson, Renee Abelcop, and Municipality of Anchorage, Alaska, defendants, as follows:

**ALLEGATIONS AGAINST ALL DEFENDANTS**

(1)     At the time of the incident in question, all defendants were residents of and did business in Anchorage, Third Judicial District, State of Alaska. La Mex, Inc., La Mexicana, Inc., and Trina M. Johnson were and presently are the owners and operators of the La Mex restaurants in Anchorage, including the one located at 2550 Spenard Road, Anchorage, Alaska. Renee Abelcop was the manager of the Spenard La Mex Restaurant and an employee of the restaurant owners. The Municipality of Anchorage is a home rule unified municipality organized and existing under the laws of the State of Alaska, and provides police services within the Municipality of Anchorage.

(2)     The attached advertisement was published in the Anchorage Press during the week of March 11 - 17, 2004. On April 1, 2004, In reliance on this advertisement, Ms. Minor had dinner with twelve friends at the La Mex in Spenard. The dinner reservation was made by Max

Gruner, who when he made the reservation referenced the advertisement. The restaurant did not reject the terms of the advertisement when the reservation was made, or say anything which would lead Mr. Gruner into believing that the advertisement would not be honored.

(4)     When they entered the restaurant, there were posters notifying patrons of the 35th Anniversary party and specials associated with it.

(5)     The group members ordered their meals, and ate their meals. Ms. Minor was paying for the meal with her credit card, and some of the others were going to reimburse her for our appropriate shares.

(6)     The check contained current menu prices, and not those prices "on the menu from the day we opened", as guaranteed by the advertisement. Ms. Minor presented the check and the ad to the waiter, and asked that the prices be reduced to conform to the advertisement. At that point, and not earlier, the waiter told her that the special prices were applicable only to the Downtown location. They reviewed the ad, and it appeared that it unambiguously showed that the ad applied to three locations, all of which were listed at the bottom of the ad, without any limitations.

(7)     At that point, Ms. Minor asked to speak to the manager, Renee Abelcop. The manager was not helpful, and did not really know what to do. She walked away, and then came back with an offer to reduce the bill by a very minor amount, which would not have reduced the bill in any material way. This offer was rejected, and they again asked her to honor the advertisement. The manager stated that there was nothing that she could do to honor the advertisement.

(8)     Ms. Minor then asked if it would be possible to speak to the owner of the

Complaint
Page 2

restaurant, Trina M. Johnson. The manager talked to Ms. Johnson by telephone, and told the group that there was nothing more that she could do, and that they would have to pay the check.

(9) Ms. Minor wanted to talk to someone other than the manager, and the manager told us that the owner would not talk to them under any circumstances, in person or over the phone. Upon further request to talk to the owner, the manager again called the owner. No one was allowed to talk to the owner. The manager again told the group that the offer did not apply to the Spenard location, and the minor reduction which the manager had offered was retracted by the owner.

(10) At this point, the group had shrunk to about four people. The rest had left, leaving Ms. Minor to deal with the check and the dispute.

(11) In order to be fair to the restaurant, Ms. Minor and the others then calculated what they believed was due under the terms of the advertisement. They did not discount the alcoholic beverages, but included them in the calculation at full price. At some point during the discussion, as illustrative of what was going on Downtown, the manager gave an example of a particular entree (for example, a $12.00 entree which could have been purchased for $2.00 thirty-five (35) years ago.), telling the group its present price ($12) and what it was listed for on the menu thirty-five (35) years ago ($2). Based on this information, provided by the restaurant, Ms. Minor and the others conservatively calculated a reduction in the food items. They reduced the food items by 35%, and tendered a check in that amount. The manager accepted the check. The restaurant ultimately ran the check through Ms. Minor's account, and retained the funds.

(12) As the group was leaving the restaurant, the manager, after having accepted the check, told the group that the check was not good enough, but that Ms. Minor would have to pay

Complaint
Page 3

LAW OFFICES OF
KENNETH P. JACOBUS, P.C.
310 K STREET, SUITE 200
ANCHORAGE, AK 99501-2064
TELEPHONE (907) 277-3333

the difference. The group gave the manager their business cards so that she would be able to identify them so that the dispute could be discussed later, showed her the ad, and again explained that the ad was unambiguous and the calculation made was conservative. At that point, the manager called the police. After the police arrived, there were various discussions between the police and the involved parties. The police ultimately arrested Ms. Minor at the behest of Renee Abelcop, handcuffed her, and transported her to an appearance before a magistrate.

(13) During this whole time, the manager was in the possession of Ms. Minor's check, and never offered to return it.

(14) There was no intention on the part of anyone in the party to defraud La Mex. The improper conduct here was La Mex's failure to honor its advertisement. Ms. Minor and her group completely identified themselves and paid the amount not in dispute using a very conservative calculation. They even left a $30 cash tip for the waiter.

(15) As a result of dispute and arrest, Mr. Minor incurred general and special damages, including, but not limited to, damages for personal injury, emotional distress, pain and suffering, humiliation, loss of income, and costs incurred in defending against and resolving the issues caused by the arrest and the charges brought against Ms. Minor.

### ALLEGATIONS AGAINST LA MEX, INC., LA MEXICANA, INC., TRINA M. JOHNSON, AND RENEE ABELCOP

(16) La Mex, Inc., La Mexicana, Inc., Trina M. Johnson, and Renee Abelcop had a duty to Michelle V. Minor and the other customers of their restaurants to abide by the prices set forth in their advertisements. These defendants either negligently or intentionally breached this duty to Ms. Minor by insisting on charging them more than the prices listed in the advertisement, and

Complaint
Page 4

by having Ms. Minor arrested when she refused to pay these overcharges.

(17) The advertising of goods or services with an intention not to sell them as advertised is a violations of AS 45.50.471(b)(8), unlawful and unfair trade practices. The actions of these defendants in the case constituted such a violation.

(18) As a direct result of its acts, the defendants committed the common law torts of assault, battery, false imprisonment, and negligent and intentional infliction of emotional distress on Michelle V. Minor.

(19) By violating AS 45.50.471(b)(8) and/or insisting on the payment of an overcharge and having Ms. Minor arrested, these defendants acted in a manner which was outrageous, done with malice or bad motives, and evidenced reckless indifference to the interests of Ms. Minor and her friends in a manner which was motivated by financial gain with actual knowledge of the adverse consequences of the conduct, thus subjecting these defendants to a substantial award of punitive damages.

(20) At the time of the arrest of Ms. Minor, these defendants assumed a liability by contract to hold the Municipality of Anchorage harmless and indemnify it for any claim for damages resulting from the arrest.

### ALLEGATIONS AGAINST THE MUNICIPALITY OF ANCHORAGE

(21) The Municipality of Anchorage is a municipal corporation organized and existing under the laws of the State of Alaska. It operates the police services within its boundaries.

(22) The Municipality of Anchorage Police responded to a call from Renee Abelcop at the Spenard La Mex on April 1, 2004. This call related to a civil dispute between La Mex and Michelle Minor resulting from La Mex's refusal to honor an unambiguous advertisement dealing

LAW OFFICES OF
KENNETH P. JACOBUS, P.C.
310 K STREET, SUITE 200
ANCHORAGE AK 99501-2064
TELEPHONE (907) 277-3333

Complaint
Page 5

with the prices to be charged for meals at the restaurant on that particular date.

(23) Ms. Minor explained the pertinent facts of the incident to the Anchorage police officers who arrived at the scene, including, but not limited to, showing them the advertisement and telling the officers that all her party wanted was the prices listed in the advertisement, which they were willing to pay and had in fact paid. From the investigation and discussion, it was clear that at worst, the matter was a civil dispute between Ms. Minor and the restaurant, with the best argument being on Ms. Minor's side because of the publication of the advertisement by La Mex, which it intentionally refused to abide by in violation of AS 45.50.471(b)(8). Nevertheless, the police department improperly used its police powers to enforce the civil position of La Mex, and arrested Ms. Minor, handcuffed her, and took her before a magistrate. The Municipality recognized the fact that the arrest was improper by insisting that La Mex sign the hold harmless and indemnity agreement referenced in Paragraph (20) above.

(24) These actions constituted assault, battery, false imprisonment and negligent and intentional infliction of emotional distress.

(25) In addition to the common law torts committed on Ms. Minor by the Anchorage Police Department, their action also constituted a violation of her civil rights in violation of 42 U.S.C. 1983.

WHEREFORE, Michelle V. Minor requests the following relief:

1. An award of damages for wrongful conduct against each defendant, in an amount within the maximum civil jurisdiction of the district court, in an actual amount to be proved at trial,

2. An award of punitive damages in an amount to be proved at trial against all defendants

LAW OFFICES OF
KENNETH P. JACOBUS, P.C.
310 K STREET, SUITE 200
ANCHORAGE, AK 99501-2064
TELEPHONE (907) 277-3333

Complaint
Page 6

except the Municipality of Anchorage,

3. An award of pre-judgment interest at the legal rate, costs, and full reasonable attorney's fees for a violation of Ms. Minor's civil rights, and

4. Such and further relief that this Court may deem just and proper.

DATED this 31st day of March, 2006.

                                    KENNETH P. JACOBUS, P.C.
                                    Attorney for Michelle Y. Minor

                                  By _____
                                        Kenneth P. Jacobus
                                        ABA No. 6911036

LAW OFFICES OF
KENNETH P. JACOBUS, P.C.
310 K STREET, SUITE 200
ANCHORAGE AK 99501-2064
TELEPHONE (907) 277-3333

