Kenneth M. Gutsch
Richmond & Quinn, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953
kgutsch@richmondquinn.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHELLE V. MINOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LA MEX, INC., LA MEXICANA, | ) |
| INC., TRINA M. JOHNSON, RENEE | ) |
| ABELCOP, and MUNICIPALITY OF | ) |
| ANCHORAGE, | ) |
| | |
| Defendants | |

State District Court Case No. 3AN-06-6602 CI
U.S. District Court Case No. 3:06-cv-00101

**DEFENDANTS', LA MEX, INC., LA MEXICANA, INC., TRINA M. JOHNSON and RENEE ABELCOP, ANSWER TO COMPLAINT**

COME NOW, defendants La Mex, Inc., La Mexicana, Inc., Trina M. Johnson, and Renee Abelcop ("defendants"), by and through their attorneys, Richmond & Quinn, hereby respond to plaintiff's complaint as follows:

1.   With regard to paragraph 1 of plaintiff's complaint, defendants admit that they were all residents of and did business in Anchorage, Alaska, and that La Mex, Inc. and La Mexicana, Inc. are corporations whose function is to operate the La Mex Restaurants in Anchorage.  Defendants admit that Renee Abelcop was a manager and server at the Spenard Le Mex Restaurant, and an employee.  Defendants deny the remaining allegations in paragraph 1 of plaintiff's complaint.

2.   With regard to paragraph 2 of plaintiff's complaint, defendants admit that the advertisement attached to the complaint was published in the Anchorage Weekly Press for the week of March 11-17, 2004.  Defendants deny that Ms. Minor relied upon the subject advertisement since the menus presented to plaintiff and her guests contained the prices for each service that was ordered; and plaintiff and her party were told by the waiter, Mike Wilson, that the advertisement only applied to the Downtown location, and several other ads (including two in the Anchorage Daily News), specifically limited the special to La Mex's Downtown location.  Defendants deny that Trina Johnson and Renee Abelcop were involved in the drafting of the subject advertisement.  The remaining

allegations in paragraph 2 of plaintiff's complaint are denied.

3.  No paragraph 3 exists.

4.  With regard to paragraph 4 of plaintiff's complaint, defendants deny the allegations therein.

5.  With regard to paragraph 5 of plaintiff's complaint, defendants admit that plaintiff reviewed the prices in the menu before ordering the services itemized in the menu. Defendants admit that server Mike Wilson told plaintiff that the special was limited to the Downtown restaurant and plaintiff elected to stay at La Mex's Spenard location with her guests.  Defendants admit that plaintiff took financial responsibility for the bill and told Renee Abelcop that plaintiff threatened to pay by credit card and later cancel the charge.  Defendants have insufficient information to either admit or deny, and therefore deny the remaining allegations in paragraph 5 of plaintiff's complaint.

6.  With regard to paragraph 6 of plaintiff's complaint, defendants admit that the check contained the same prices as were provided in the menu to plaintiff before she ordered her meal, that no other prices were provided to plaintiff prior to her ordering her meal, and that none of the dishes from the

1969 menu were on the menu provided to plaintiff.  Defendants deny the remaining allegations in paragraph 6 of plaintiff's complaint.

    7.   With regard to paragraph 7 of plaintiff's complaint, defendants admit that manager Renee Abelcop offered to reduce the bill in order to keep plaintiff from disturbing La Mex's other clientele; and plaintiff rejected the offer.  Defendants deny the remaining allegations in paragraph 7 of plaintiff's complaint.

    8.   With regard to paragraph 8 of plaintiff's complaint, defendants deny the allegations contained therein.  Ms. Abelcop never talked with Ms. Johnson – just her supervising general manager, Leslie Harvey.  The remaining allegations in paragraph 8 are denied.

    9.   With regard to paragraph 9 of plaintiff's complaint, defendants admit that plaintiff was not allowed to talk to Ms. Johnson.

    10.  With regard to paragraph 10 of plaintiff's complaint, defendants deny the allegations therein.

    11.  With regard to paragraph 11 of plaintiff's complaint, defendants admit that La Mex accepted what payment it could get from plaintiff, and deny that plaintiff paid for

all of the services rendered.  Defendants have insufficient information to either admit or deny, and therefore deny the remaining allegations paragraph 11 of plaintiff's complaint.

    12.  With regard to paragraph 12 of plaintiff's complaint, defendants admit that the restaurant manager accepted partial payment and told the plaintiff that the check was not sufficient and that Ms. Minor had to pay the balance owed.  Defendants deny that any business cards were given to the manager.  Defendants admit that the prices in the menu given to plaintiff before she ordered defendants' services were unambiguous.  Defendants admit that plaintiff made a scene in the restaurant, and that, after the police arrived, the plaintiff was abusive to the peace officer, who then had to call in his supervisor.  Defendants have insufficient information to admit or deny the remaining allegations in paragraph 12 and therefore deny the same.

    13.  With regard to paragraph 13 of plaintiff's complaint, defendants deny the allegation therein.  Defendants admit that at some point Ms. Minor provided a check as partial payment of the bill.

    14.  With regard to paragraph 14 of plaintiff's complaint, defendants deny the allegations therein.

Defendants admit that Ms. Minor made partial payment and left a tip in an unknown amount for the waiter. Defendants deny the remaining allegations in paragraph 14 of plaintiff's complaint.

15. With regard to paragraph 15 of plaintiff's complaint, defendants deny the allegations contained therein.

16. With regard to paragraph 16 of plaintiff's complaint, defendants incorporate their responses to paragraphs 1 through 15 of plaintiff's complaint. Defendants admit that La Mex had a duty to abide by the prices provided in the menu given to plaintiff. Defendants deny the remaining allegations contained in paragraph 16 of plaintiff's complaint.

17. With regard to paragraph 17 of plaintiff's complaint, defendants deny the allegations contained therein.

18. With regard to paragraph 18 of plaintiff's complaint, defendants deny the allegations contained therein.

19. With regard to paragraph 19 of plaintiff's complaint, defendants deny the allegations contained therein.

20. With regard to paragraph 20 of plaintiff's complaint, defendants deny the allegations contained therein. The subject indemnity agreement is unenforceable against Renee

Abelcop as unconscionable and against public policy because the municipality was fulfilling its duty to the public at the time of the arrest and Ms. Abelcop made no factual misrepresentations to the peace officer.

21.  With regard to paragraph 21 of plaintiff's complaint, defendants incorporate by reference their responses to paragraphs 1 through 20 of plaintiff's complaint. Defendants admit that the MOA is a municipal corporation organized and existing under the laws of the State of Alaska and that it operates the police services within its boundaries.

22.  With regard to paragraph 22 of plaintiff's complaint, defendants admit that the MOA police responded to a call from Renee Abelcop at the Spenard La Mex location on April 1, 2004.  Defendants deny that the call related to a civil dispute since plaintiff ordered the services from the menu; the prices were explicitly stated on the menu, and plaintiff refused to pay for all of the services provided.

23.  With regard to paragraph 23 of plaintiff's complaint, defendants deny the allegations contained therein.

24.  With regard to paragraph 24 of plaintiff's complaint, defendants deny the allegations contained therein.

25. With regard to paragraph 25 of plaintiff's complaint, defendants deny the allegations contained therein.

### AFFIRMATIVE DEFENSES

Come now defendants and hereby state their affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Any losses suffered by plaintiff resulted from plaintiff's own decision to order services from the menu and plaintiff's refusal to pay for all of the services.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages by paying for all of the services which she and her guests received.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief may be granted as to defendant Trina Johnson since plaintiff's complaint does not allege that Ms. Johnson was involved in drafting or publication of the subject advertisement or that Ms. Johnson personally assaulted, battered, or falsely imprisoned plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief may be granted as to defendant Renee Abelcop

because plaintiff's complaint does not allege that Ms. Abelcop was involved in the drafting or publication of the subject ad, or that Ms. Abelcop assaulted, battered, or falsely imprisoned plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

No CPA private right of action exists as to Trina Johnson, Renee Abelcop, or La Mex because plaintiff suffered no harm as a result of any actions by said defendants.

### SIXTH AFFIRMATIVE DEFENSE

No false imprisonment occurred by Trina Johnson, Renee Abelcop or La Mex, because said defendants did not detain plaintiff and defendants provided no false information to the police. Further, there was probable cause/reasonable grounds for the arrest, since plaintiff reviewed the prices in the menu, ordered the services listed in the menu, and refused to pay in full for the services ordered and rendered. The issue of whether probable cause was previously litigated by plaintiff when she filed a motion to dismiss the criminal complaint, and the court found sufficient probable cause to proceed with the criminal trial. The Superior Court's finding of probable cause is *res judicata* as to plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's losses, if any, resulted from plaintiff's own conduct in ordering the services listed on the menu, and failing to pay for those services in full.

WHEREFORE, having answered plaintiff's complaint, defendant prays:

1. That plaintiff's claims be dismissed with prejudice;

2. That defendants be awarded their actual costs and attorney's fees incurred in defending this action.

DATED this _____ day of May, 2006, at Anchorage, Alaska.

                                        RICHMOND & QUINN
                                        Attorneys for Defendants
                                        LA MEX, INC., LA MEXICANA,
                                        INC., TRINA M. JOHNSON, and
                                        RENEE ABELCOP

By: _____
    Kenneth M. Gutsch
    Alaska Bar No. 8811186

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail this _____ day of May, 2006 on:

Kenneth P. Jacobus, Esq.
310 K Street, Suite 200
Anchorage, AK 99501-2064

Mary Pinkel, Esq.
Municipality of Anchorage
Division of Law
Assistant Municipal Attorney
P.O. Box 196650
Anchorage, AK 99519

_____
      RICHMOND & QUINN

108\534\Pld\Answer