Mary B. Pinkel
Assistant Municipal Attorney
Municipality of Anchorage Department of Law
Civil Division
P.O. Box 196650
Anchorage, Alaska  99519-6650
(907) 343-4545 (phone)
(907) 343-4550 (fax)
uslit@muni.org

Attorney for Defendants
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| MICHELLE V. MINOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LA MEX, INC., LA MEXICANA, INC., | ) |
| TRINA M. JOHNSON, RENEE ABELCOP, | ) |
| and MUNCIPALITY OF ANCHORAGE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

U.S. District Court Case No. 3:06-cv-00101-TMB

**THE MUNICIPALITY OF ANCHORAGE'S AMENDED ANSWER**

The Municipality of Anchorage ("the Municipality"), through the Municipal Attorney's Office, hereby answers plaintiff's complaint as follows:

## **ALLEGATIONS AGAINST ALL DEFENDANTS**

(1) The Municipality admits that it is a home rule unified municipality organized and existing under the laws of the State of Alaska, and that it provides police services within the Municipality of Anchorage. The Municipality lacks knowledge or information sufficient information to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 1 of the complaint and therefore denies the same.

(2) The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the first sentence of paragraph 2 of the complaint and therefore denies the allegations contained in that sentence. The Municipality denies the second sentence of paragraph 2 of the complaint. The Municipality lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in the last two sentences of paragraph 2 of the complaint and therefore denies the same.

(3) The complaint does not contain a third paragraph.

(4) The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of plaintiff's complaint and therefore denies the same.

(5) The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of plaintiff's complaint and therefore denies the same.

(6) The Municipality denies the allegations contained in paragraph 6 of the complaint.

(7) The Municipality admits that La Mex management made attempts to reduce the bill for Ms. Minor and her companions on the night in question. All other allegations are denied.

(8) The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Plaintiff's complaint and therefore deny the same.

(9) The Municipality admits that the staff of La Mex told Ms. Minor and her companions that the discounts did not apply to the Spenard location of La Mex. The Municipality lacks sufficient information to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 9 of the complaint and therefore denies the same.

(10) The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the complaint and therefore denies the same.

(11) The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the complaint and therefore denies the same.

(12) The Municipality admits that the police arrested Ms. Minor pursuant to a citizen's arrest by Ms. Ablecop and pursuant to the fact that probable cause existed to arrest Ms. Minor for theft of services, in violation of AMC 08.15.040. The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 12 of the complaint and therefore denies the same.

(13) The Municipality lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 and therefore denies the same.

(14) The Municipality denies the allegations contained in paragraph 14 of the complaint.

(15) The Municipality denies the allegations contained in paragraph 15 of the complaint.

**ALLEGATIONS AGAINST LA MEX, INC., LA MEXICANA, INC., TRINA M. JOHNSON AND RENEE ABELCOP**

(16) The Municipality incorporates by reference its responses to Paragraphs 1 through 15 above. Paragraph 16 of the plaintiff's complaint relates to other defendants and the Municipality is therefore not required to respond to the allegations contained in that paragraph.

(17) Paragraph 17 of the plaintiff's complaint relates to other defendants and the Municipality is therefore not required to respond to the allegations contained in that paragraph.

(18) Paragraph 18 of the plaintiff's complaint relates to other defendants and the Municipality is therefore not required to respond to the allegations contained in that paragraph.

(19) Paragraph 19 of the complaint relates to other defendants and the Municipality is therefore not required to respond to the allegations contained in that paragraph.

(20) Paragraph 20 of the complaint relates to other defendants and the Municipality is therefore not required to respond to the allegations contained in that paragraph.

## ALLEGATIONS AGAINST THE MUNICIPALITY OF ANCHORAGE

(21) The Municipality incorporates by reference its responses to Paragraphs 1 through 20 above. The Municipality admits that it is a municipal corporation organized and existing under the laws of the State of Alaska. It further admits that it operates the police services within its boundaries.

(22) The Municipality admits the allegations contained in the first sentence of paragraph 22. The Municipality denies the allegations contained in the second sentence of paragraph 22 of the complaint.

(23) The Municipality denies the allegations contained in paragraph 23 of the complaint.

(24) The Municipality denies the allegations contained in paragraph 24 of the complaint.

(25) The Municipality denies the allegations contained in paragraph 25 of the complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's complaint fails to state a claim on which relief may be granted.

2. The conduct of the Municipality of which plaintiff complains was justified given the circumstances.

3. The Municipality acted in a manner that was proper, reasonable, lawful and exercised in good faith.

4. The Municipality had no duty to protect plaintiff from conditions of which it had no actual or constructive knowledge.

5. Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons or entities, including plaintiff, over which the Municipality has no responsibility or control and fault should be apportioned accordingly.

6. The actions of one or more third parties were independent, intervening and superseding causes of any damages to Plaintiffs.

7. The Municipality had no duty to plaintiff.

8. Pursuant to AS 09.65.070 and including, but not limited to, AS 9.65.070 (d) (2) and other applicable immunities, the Municipality is immune from liability for the acts of which plaintiff complains.

9. The Municipality, including is police officers, is entitled to official, qualified and /or absolute immunity from Plaintiff's claims.

10. Plaintiff's injuries, if any, are the result of preexisting medical and/or emotional conditions or otherwise were not caused by the Municipality in this action.

11. Plaintiff has failed to mitigate her damages.

12. The issue of probable cause was previously litigated by the Plaintiff when she filed a motion to dismiss the criminal complaint, and the court found sufficient probable cause to proceed with the criminal trial. The Court's finding of probable cause is *res judicata* as to the Plaintiff.

13. Plaintiff's losses, if any, resulted from Plaintiff's own conduct in ordering services listed on the menu and failing to pay for those services in full, even though she was given several opportunities.

14. Under the available consequences rule, the Plaintiff is barred from recovering any damages from the Municipality of Anchorage. See *Anchorage Independent School District v. Stephens,* 370 P.2d 531 (Alaska 1962).

15. The Municipality reserves the right to assert such other and additional affirmative defenses as may be discovered during the investigation and defense of this action.

**REQUEST FOR RELIEF**

WHEREFORE, the Municipality respectfully requests relief as follows:

A. For judgment in favor of the Municipality and against plaintiff dismissing this action with prejudice;

B. For judgment awarding the Municipality its costs and attorney's fees incurred in this action; and

C. For such other relief as this court deems just and equitable.

Respectfully submitted this 22nd day of May, 2006.

        FREDERICK H. BONESS
        MUNICIPAL ATTORNEY

By:  s/ Mary B. Pinkel
     Municipal Attorney's Office
     P.O. Box 196650
     Anchorage, Alaska 99519-6650
     Phone: (907) 343-4545
     Fax: (907) 343-4550
     E-mail: uslit@muni.org
     Alaska Bar No. 8505030

The undersigned hereby certifies that on 05/22/06 a true and correct copy of the *Municipality of Anchorage's Amended Answer* was served on:

- Kenneth P. Jacobus, attorney for Plaintiff
- Kenneth Gutsch, attorney for La Mex et al.

By first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/Sheri Curro
Sheri Curro, Legal Secretary
Municipal Attorney's Office